UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

"VICKY"                         )
                                )
     Plaintiff,                 )     C.A. No.
                                )
v.                              )
                                )
ANATOLI STOYCHEV,               )
                                )
     Defendant.                 )

**I. NATURE OF THE ACTION**

1. This is a suit for damages arising out of the Defendant's criminal violations of child pornography statutes.

2. 18 U.S.C. § 2255(a) allows victims of child pornography to recover actual damages and the cost of the suit, including reasonable attorney's fees, from individuals whose actions violate 18 U.S.C. § 2252A(a)(5)(B).

3. 18 U.S.C. § 2255(a) provides for a minimum of $150,000 in damages for a victim who is personally injured as a result of actions constituting violation of 18 U.S.C. § 2252A(a)(5)(B).

4. 18 U.S.C. § 2252A(f) allows any person aggrieved by actions constituting a violation of Section 2252A to sue for compensatory and punitive damages, the costs of the civil action, and reasonable fees for attorneys and expert witnesses.

## II.   PARTIES

5. The Plaintiff, "Vicky," is currently of majority age and resides outside of the Commonwealth of Massachusetts.

6. "Vicky" is a pseudonym for the victim depicted in the Vicky child pornography series.

7. The Defendant, Anatoli Stoychev, on information and belief, was residing in the State of Massachusetts in Weymouth, Norfolk County, but has fled the jurisdiction in an attempt to abscond from currently pending child pornography criminal charges.

## III.   JURISDICTION AND VENUE

8. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal laws 18 U.S.C. §§ 2252A(f) and 2255.

9. Federal diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because this is a civil action brought in the judicial district where the Defendant resides and a substantial part of the events or omissions giving rise to the Plaintiffs' claim occurred in this judicial district.

## IV.   FACTUAL BACKGROUND

**A. VICKY'S VICTIMIZATION**

11. When plaintiff Vicky was ten and eleven years of age, or younger, she was forced to perform sexual acts primarily for the purpose of producing images of child pornography.

12. These images were distributed over the Internet and came to be known by consumers of them as the "Vicky" series of child pornography images. These images constitute child pornography within the meaning of 18 U.S.C. §2256(8).

13. These images and videos include depictions of crime scenes which, on information and belief, involved Vicky as a prepubescent minor child being raped, sodomized, put in bondage, and forced to perform scripted sex acts with an adult male.

14. These images of Vicky's sexual abuse as a child are widely traded--by barter and commercial transaction--over the Internet. The circulation of videos and images of her abuse keep the original abuse constantly alive and present for Vicky in her everyday life. Were her child pornography images not possessed and circulated by others, Vicky might have been able to obtain the treatment necessary to overcome the fact and harm of the original abuse, and live a normal life.

15. The continued distribution of Vicky's child sex abuse images and videos has directly and proximately caused her great and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity and loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

**B. DEFENDANT'S POSSESSION OF VICKY'S CHILD SEX ABUSE IMAGES**

16. The Defendant was a consumer of child exploitation videos and photographs which he obtained over the internet.

17. On or about October 24, 2013, law enforcement agents discovered, in the Defendant's possession, the Plaintiffs' child sex abuse images and/or videos. These child pornography images and/or videos were discovered among the many such images and/or videos possessed by the Defendant. Upon information and belief, law enforcement conducted a forensic analysis of Defendant's computer equipment and determined that he had also disseminated at least one video of Plaintiff's sexual abuse as a child on September 19, 2013 via Internet transmission.

18. Upon information and belief, the Defendant's collection of child pornography included images of sadistic and masochistic behavior against minors, including the bondage of a minor or minor(s).

19. Upon information and belief, Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched images on the Defendant's computer to images and/or one or more videos of Vicky in NCMEC's database and notified the law enforcement of its findings in a CVIP report.

20. Upon information and belief, CVIP analysts determined that the Defendant's collection of child pornography included the "Vicky Series," which features images of Vicky as a pre-pubescent girl being forced to perform a series of extremely graphic sexual acts, including oral copulation, anal penetration and masturbation, with an adult man.

21. The Defendant was indicted in the Norfolk County Superior Court with violation of laws prohibiting possessing and disseminating visual depictions of minors engaging in sexually explicit conduct (child pornography).

22. In committing child pornography crimes, the Defendant acted knowingly.

## V.     THE PLAINTIFFS' RIGHT TO PROCEED UNDER A PSEUDONYM

23. Concomitant with this complaint, the Plaintiff has moved for permission to proceed in this case using a pseudonym in accordance with the applicable law in this circuit.

24. Plaintiff should be allowed to preserve her anonymity in these judicial proceedings because her need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the parties' identity.

### COUNT I – CIVIL CLAIMS PURSUANT TO 18 U.S.C. § 2255(a)

25. Plaintiff repeats and re-alleges all prior paragraphs.

26. 18 U.S.C. § 2255, entitled "Civil remedy for personal injuries," provides that any person who is a victim of a violation of 18 U.S.C. §§ 2252 and other provisions and who suffers personal injury as a result of such violation shall recover the actual damages the person sustains and the cost of the suit, including a reasonable attorney's fee.

27. 18 U.S.C. § 2255(a) further provides that any victim described in Section 2255 "shall be deemed to have sustained damages of no less than $150,000 in value."

28. On information and belief, Vicky is a victim of the Defendant's crimes.

29. The Defendant criminally possessed and disseminated Vicky's child pornography images and/or videos in violation of Massachusetts and federal child pornography laws.

30.     The Plaintiff is a victim of the Defendant's violation of Massachusetts and federal child pornography laws, having suffered personal injury as a result of Defendant's criminal acts.  These personal injuries include, without limitation, emotional and psychic pain, violation of privacy interests and injury to reputation and well-being.

31.     Vicky is entitled to, including without limitation, damages of at least $150,000,

the cost of suit including a reasonable attorney's fees, prejudgment and post-judgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

### COUNT II – CIVIL CLAIM PURSUANT TO 18 U.S.C. § 2252A(f)

32. Plaintiffs repeat and re-allege all prior paragraphs.

33. Pursuant to 18 U.S.C. § 2252A(f), any person aggrieved by reason of the conduct prohibited in Section 2252A(a) or (b) may commence a civil action, and the court may award appropriate relief, including compensatory and punitive damages, the costs of the action, and reasonable fees for attorneys and expert witnesses.

34. Vicky was, and continues to be, aggrieved as a result of the Defendant's criminal acts.

35. Vicky is entitled to, including without limitation, compensatory and punitive damages, the costs of this action, reasonable fees for attorneys and expert witnesses, prejudgment and post-judgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

### RELIEF REQUESTED

WHEREFORE, the Plaintiff requests judgment against the Defendant as follows:

a. Statutory damages of no less than $150,000 pursuant to 18 U.S.C. § 2255(a);

b. Actual damages pursuant to 18 U.S.C. § 2255(a);

c. Compensatory damages pursuant to 18 U.S.C. § 2252A(f)(2)(B);

d. Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2252A(f)(2)(B);

e. Costs of the action pursuant to 18 U.S.C. §§ 2255(a) and 2252A(f)(2)(C);

f. Reasonable attorneys' fees pursuant to 18 U.S.C. §§ 2255(a),2252A(f)(2)(C);

g. The cost of the suit pursuant to 18 U.S.C. § 2255(a);

h. Reasonable fees for expert witnesses pursuant to 18 U.S.C. § 2252A(f)(2)(C);

i. Prejudgment and post-judgment interest;

j. Any further relief within the Court's jurisdiction appropriate to the proof, whether or not demanded; and

k. Such other and further relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

On behalf of the Plaintiff,

/s/Carlin J. Phillips
Carlin J. Phillips
BBO# 561916
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
Dartmouth, MA 02747
508-998-0800
508-998-0919 (fax)
cphillips@phillipsgarcia.com